**W. T. RAY, Lillian P. Ray and Eugene Morgan, Liquidating Trustees of Meadow Creek Coal Company, Plaintiffs-Appellants,**

v.

**UNITED STATES of America, Defendant-Appellee.**

**No. 18568.**

United States Court of Appeals Sixth Circuit.

April 14, 1969.

Clarence Evans, Nashville, Tenn. (Lewis S. Pope, James Clarence Evans, Nashville, Tenn., on the brief), for appellants; Farris, Evans & Evans, Nashville, Tenn., of counsel.

Stanley L. Ruby, Dept. of Justice, Washington, D. C. (Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, Jonathan S. Cohen, Attys., Dept. of Justice, Washington, D. C., on the brief), for appellee; Gilbert S. Merritt, Jr., U. S. Atty., of counsel.

Before EDWARDS, CELEBREZZE and PECK, Circuit Judges.

PER CURIAM.

This case is on appeal from the judgment of the District Court dismissing the appellants' suit for refund of accumulated earnings tax assessed under sections 531–537 of the Internal Revenue Code, 26 U.S.C. §§ 531–537, against the appellants for the taxable year 1959.

The appellants comprise all of the former stockholders of the Meadow Creek Coal Company. Meadow Creek had been in the business of developing and mining coal field properties since 1935. It sold its last piece of coal property in January 1957 and did not acquire any other coal fields or enter into any other mining activity after that date. In June 1959, the Company collected a judgment from the United Mine Workers of America which netted the Company nearly $315,000. At the end of the taxable year in question, 1959, the Company had retained earnings of over $995,500. On March 1, 1960, Meadow Creek adopted a formal plan of liquidation pursuant to section 337 of the Internal Revenue Code, 26 U.S.C. § 337. Liquidating distributions pursuant to this plan were made to the shareholders in April and June, 1960.

The District Court held that Meadow Creek had permitted its earnings and profits to accumulate beyond the reasonable needs of the business for the purpose of avoiding income tax with respect to its shareholders.

The sole issue in this appeal is whether the District Court's finding that the admitted accumulation beyond the reasonable needs of the Company was done with the proscribed purpose of avoidance of federal income tax with respect to the shareholders of the Company is clearly erroneous.

The taxpayers contend that, as a matter of law, they could not have had the proscribed purpose of avoidance of in-

come tax in the corporation's accumulation of earnings because section 563 of the Code permits any dividends paid within 75 days of the close of the taxable year to be considered as dividends paid within the taxable year and thus be treated as deductions from accumulated earnings. 26 U.S.C. § 563(a). Section 562 of the Code permits liquidating distributions to be treated as dividends under section 563. 26 U.S.C. § 562. The taxpayers argue that since the corporation adopted a plan of liquidation on March 1, 1960, and since any liquidating distributions made between that date and March 15, 1960, would have been treated as a deduction from accumulated earnings for the taxable year 1959 at the corporate level and as capital gains to the shareholders, and since any liquidating distributions made after March 15, 1960, would also have been treated as capital gains in the hands of the shareholders, the delay in making the distributions does not show that the corporation had accumulated earnings beyond the reasonable needs of the business for the purpose of avoiding income tax with respect to its shareholders.

 However, the fact that the taxpayers could receive the same tax treatment on the liquidating distributions received by them between March 1 and March 15, 1960, as they could after March 15, 1960, shows nothing about the purpose for which the earnings were accumulated. Similarly, the fact that Congress has provided a 75 day period after the close of the taxable year during which liquidating distributions can be treated as deductions from the corporation's accumulated earnings and also receive capital gains treatment in the hands of the shareholders says nothing about the purpose for which the earnings were accumulated as of the close of the taxable year. It merely provides an opportunity to avoid the imposition of the accumulated earnings tax without regard to the original purpose of the accumulation of earnings. The taxpayers here failed to make use of that opportunity.

The finding of the District Court that there was no purpose for the accumulated earnings in 1959 other than tax avoidance for the shareholders is not clearly erroneous, and therefore the judgment of the District Court must be affirmed. United States v. Yellow Cab Co., 338 U.S. 338, 70 S.Ct. 177, 94 L.Ed. 150 (1949).

The judgment is affirmed.